**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DAVID MEAD, | |
| Plaintiff, | |
| v. | **Civil Action No. 11-1063 (CKK)** |
| WILLIAM LINDLAW, *et al.*, | |
| Defendants. | |

**MEMORANDUM OPINION**
(March 13, 2012)

Plaintiff David Mead, proceeding *pro se*, filed suit against Defendants William Lindlaw,

Bruce Finland, Joel Aronson, Dorothy Bridges, Alison Rind, Ebelechukwu Agba, Edward

Furash, City First Bank of D.C., N.A. ("City First Bank"), and MED Developers, LLC

(collectively "Defendants"), asserting seven claims relating to certain loans taken out by Plaintiff

and the subsequent foreclosure and auction of Plaintiff's property.  Presently before the Court is

Defendants' [6] Motion to Dismiss the Complaint Pursuant to Federal Rule of Civil Procedure

12(b)(6) for Failure to State a Claim upon which Relief may be Granted  ("Defs.' Mot.").[1]  The

motion is fully briefed and ripe for adjudication.[2]  For the reasons stated below, the Court finds

Counts Two of the Complaint is barred by collateral estoppel, and Counts Six and Eight[3] are

---

[1] Defendants Bruce Finland and MED Developers, LLC joined the motion to dismiss and reply in support thereof filed by the other Defendants.  Mot. to Dismiss, ECF No. [7], Reply to Opp'n, ECF No. [14].

[2] See Defs.' Mot., ECF No. [6]; Pl.'s Opp'n to Defs.' Mot. to Dismiss, ECF No. [11]; Reply Br. in Supp. of Defs.' Mot. to Dismiss, ECF No. [13].

[3] "Count Eight" of the Complaint is in fact the seventh claim asserted by Plaintiff.  For the sake of simplicity the Court will continue to refer to the final claim as Count Eight.

barred by *res judicata*.  Although the remaining claims are not precluded by Plaintiff's earlier litigation, the claims arise entirely under state law, and in its discretion, the Court declines to exercise supplemental jurisdiction over those counts.  Therefore Defendants' motion is GRANTED IN PART and DENIED IN PART, and this case is DISMISSED.

## I. BACKGROUND

### A.    *Factual Background*

Plaintiff's Complaint and Defendants' Motion detail the long and sordid history between the parties, much of which is irrelevant to the disposition of Defendants' motion.  In short, Defendant City First Bank underwrote two loans for Plaintiff relating to two properties in northwest Washington, D.C., the North Capitol Street and New Jersey Avenue properties. Compl. ¶¶ 20, 22.  In June 2006, allegedly under pressure from City First Bank, Plaintiff transferred the loan relating to the New Jersey Avenue property to another institution.  *Id.* at ¶¶ 60-62.  Plaintiff alleges that in August 2007, under "great pain and financial duress," he agreed to modify the terms of the loan for the North Capitol Street property.  *Id.* at ¶¶ 32-35.  City First Bank purportedly disclosed the terms of the modification to Defendant Finland, who pressured Plaintiff to assign the loan to Finland so that Defendant Finland could proceed to develop the property.  *Id.* at ¶¶ 37-38.  Throughout 2008, Plaintiff attempted to obtain a construction loan from City First Bank to develop the North Capitol Property, and also tried to negotiate further loan modifications.  *Id.* at ¶¶ 40-49.  Plaintiff's attempts were unsuccessful on both accounts.  *Id.* City First Bank subsequently foreclosed on the property, and noticed the foreclosure sale for September 17, 2008.  *Id.* at ¶ 51.  At the foreclosure sale, Defendant Finland purchased the property for $699,000, a price Plaintiff alleges was 50% of the fair market value of the property.

*Id.* at ¶ 119.

        B.       *Plaintiff's Prior Litigation*

        On September 16, 2008, Plaintiff filed suit in this Court seeking a temporary restraining order enjoining the foreclosure sale scheduled for the following day.[4]  *Mead v. City First Bank of D.C., N.A.*, No. 08-1597, Compl., ECF No. [1]; *id.*, Mot. for Temp. Restraining Order, ECF No. [2].  Judge Ellen S. Huvelle held a hearing on Plaintiff's motion, but denied the motion as moot since the sale took place several hours before the hearing.  *Id.*, 9/17/08 Order, ECF No. [2].  Plaintiff filed an Amended Complaint on March 5, 2009, asserting nearly identical allegations and claims to those pled in this case.  Defs.' Ex. D.  Judge Richard W. Roberts dismissed Count Two of the Amended Complaint—the only federal claim—for failing to state a claim, and declined to exercise supplemental jurisdiction over the remaining state law claims.  Defs.' Ex. E.  Plaintiff appealed Judge Roberts' decision, but the Court of Appeals dismissed the appeal for want of prosecution.  *Mead v. City First Bank of D.C., N.A.*, No. 08-1597, Mandate of USCA, ECF No. [45].

        Plaintiff also filed suit in the Superior Court for the District of Columbia ("D.C. Superior Court").  Defs.' Ex. A (Superior Ct. Compl.); *Mead v. Aronson*, No. 2010 CA 007273 (D.C. Sup. Ct., Sept. 28, 2010).  Plaintiff's D.C. Superior Court complaint sought a declaratory judgment finding the foreclosure sale invalid on the grounds that Defendants failed to provide adequate notice of the sale.  Defs.' Ex. A.  Defendants filed a counterclaim seeking a judgment holding the

---

[4] Although Plaintiff's Complaint alleges he filed the Complaint and Motion for a Temporary Restraining Order the morning of the foreclosure sale, the electronic docket indicates Plaintiff actually filed the case and TRO request the day before the sale.  *See Mead v. City First Bank of D.C., N.A.*, No. 08-1597.

foreclosure sale was valid.  Defs.' Ex. I (5/12/10 Sup. Ct. Order).  Judge Craig Iscoe granted

summary judgment in favor of Defendants, and declared that the foreclosure sale "was properly

carried out under District of Columbia law."  *Id.* at 4.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides that a party may challenge the

sufficiency of a complaint on the grounds it "fail[s] to state a claim upon which relief can be

granted."  Fed. R. Civ. P. 12(b)(6).  When evaluating a motion to dismiss for failure to state a

claim, the district court must accept as true the well-pleaded factual allegations contained in the

complaint.  *Atherton v. D.C. Office of Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009), cert. denied,

130 S.Ct. 2064 (2010).  "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid

of 'further factual enhancement.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Rather, a complaint must

contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is

plausible on its face."  *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949.

"Pleadings must be construed so as to do justice," Fed. R. Civ. P. 8(e), and documents

filed by *pro se* parties must be "liberally construed," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

( per curiam ) (internal quotation marks omitted).  Moreover, "a pro se complaint, however

inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

lawyers." *Erickson*, 551 U.S. at 94 (internal quotation marks omitted).  Nonetheless, "[a] pro se

complaint, like any other, must present a claim upon which relief can be granted."  *Crisafi v.*

*Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981).  The district court "need not accept inferences

unsupported by the facts alleged in the complaint or legal conclusions cast in the form of factual

allegations." *Kaemmerling v. Lappin*, 553 F.3d 669, 667 (D.C. Cir. 2008) (internal quotation

marks omitted).  Additionally, in deciding a Rule 12(b)(6) motion, a court may consider "'the

facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the

complaint,'" *Ward v. D.C. Dep't of Youth Rehab. Servs.*, 768 F. Supp. 2d 117, 119 (D.D.C.

2011) (quoting *Gustave–Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002)), or

"'documents upon which the plaintiff's complaint necessarily relies' even if the document is

produced not by [the parties]." *Id.* (quoting *Hinton v. Corr. Corp. of Am.*, 624 F. Supp. 2d 45, 46

(D.D.C. 2009)).

### III.  DISCUSSION

Defendants move to dismiss Plaintiff's Complaint on the grounds each claim is barred by

collateral estoppel or *res judicata*.  Specifically, Defendants allege Counts Two and Six of the

Complaint are barred by collateral estoppel, and Counts One, Three, Four, Five, and Eight are

barred by *res judicata*.  Plaintiff argues that based on the claims raised in his prior federal action,

collateral estoppel is inapplicable, but does not dispute any of Defendants' claims regarding

Plaintiff's D.C. Superior Court case.  Pl.'s Opp'n at 8-9.  As explained below, the Court finds

Plaintiff is precluded from bringing Count Two under the doctrine of collateral estoppel, and

Plaintiff is precluded from bringing Counts Six and Eight under the doctrine of *res judicata*.

Although not barred, the Court in its discretion, declines to exercise supplemental jurisdiction

over the remaining claims, and the case as a whole will be dismissed.

A.      *Count Two is Barred by Collateral Estoppel*

Defendants argue that doctrine of collateral estoppel, or issue preclusion, bars the

Plaintiff from re-litigating Count Two of the Complaint, which alleges Defendants violated the

Right to Financial Privacy Act ("RFPA"), 12 U.S.C. §§ 3401 note, 3417, by disclosing

Plaintiff's financial information to Defendant Finland.  Judge Richard W. Roberts dismissed

Plaintiff's RFPA claim in Plaintiff's prior federal suit for failure to state a claim. Defs.' Ex. E at

5-6 (finding Plaintiff failed to state a valid claim under the RFPA where Plaintiff did not allege

any disclosure of financial information to the government).  "Under collateral estoppel, once a

court has decided an issue of fact or law necessary to its judgment, that decision may preclude

relitigation of the issue in a suit on a different cause of action involving a party to the first case."

*Novak v. World Bank*, 703 F.2d 1305, 1309 (D.C. Cir. 1983) (internal quotations omitted).  In

order for collateral estoppel to bar a claim, "(1), the same issue now being raised must have been

contested by the parties and submitted for judicial determination in the prior case; (2), the issue

must have been actually and necessarily determined by a court of competent jurisdiction in that

prior case; and (3), preclusion in the second case must not work a basic unfairness to the party

bound by the first determination."  *Martin v. Dep't of Justice*, 488 F.3d 446, 454 (D.C. Cir.

2007).

Count Two of Plaintiff's Complaint and Count Two of the Amended Complaint in the

earlier federal action are essentially identical.  With the exception of minor changes in wording,

Plaintiff's current Complaint alleges the exact same violations of the RFPA—disclosures of

Plaintiff's financial information to Defendant Finland—on the exact same dates.  *Compare*

Compl. ¶¶ 76-86 *with* Defs.' Ex. D at ¶¶ 77-87.  It was precisely this claim that Judge Roberts

found failed to state a claim.  Defs.' Ex. E at 5-6.  In granting Defendant's motion to dismiss,

Judge Roberts specifically found that the allegations raised by Plaintiff are insufficient to state a

claim under the RFPA.  *Id.*  Precluding Plaintiff from once again pursuing this claim would not

be unfair.  Plaintiff was on notice that his RFPA claim failed to allege an unauthorized disclosure

to a Government authority as early as December 2008.  *See Mead v. City First Bank of D.C.,*

*N.A.*, No. 08-1597, Defs.' Opp'n to Mot. to Amend Compl. (D.D.C. Dec. 8, 2008), at 4.

Plaintiff's Amended Complaint, filed nearly three months later, did not resolve this error.  *Id.*,

Am. Compl. (D.D.C. Mar. 5, 2009).  Plaintiff had a full and fair opportunity to litigate whether

or not these allegations state a claim—and to resolve that error—before Judge Roberts, and basic

fairness does not require providing Plaintiff yet another chance to litigate the issue.

Plaintiff curiously argues that collateral estoppel does not apply in this case because "12

U.S.C., 3403 [sic] was the only federal claim raised in the prior action, and that claim is not in

the present action."  Pl.'s Opp'n at 8.  Although the first paragraph of Plaintiff' Complaint refers

to this action as alleging violations of the Racketeer influenced Corrupt Organizations Act, False

Claims Act, Gramm-Leach-Bliley Act, and Fair Housing Act, the only allegations relating to a

federal cause of action in the body of the Complaint are those relating to Plaintiff's claim under

§3403 and the RFPA.  Plaintiff further alleges that there are "significant differences" in the

named Defendants in his federal actions, namely that CF Bank Corp. and Central Federal Corp.

were named in the prior action, but are not named Defendants in the current action.

Additionally, Plaintiff argues that he "declined to process service" on the named Defendants

other than City First Bank and Aronson in the prior case.  Pl.'s Opp'n at 8.  Plaintiff's argument

that the parties must be identical in order for collateral estoppel to apply is mistaken.  The

Supreme Court abandoned the mutuality requirement for defensive collateral estoppel, thus the principle allows defendants to "prevent a plaintiff from asserting a claim the plaintiff has previously litigated and lost against another defendant." *Parklane*, 439 U.S. at 326 n.4; *accord Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313 (1971). Plaintiff's Opposition highlights the very purpose of defensive collateral estoppel.  Plaintiff seeks to bring an identical claim, previously dismissed for failing to state a claim, against new defendants because Plaintiff "declined to process service on other named defendants in the prior action."  As the Supreme Court explained,

> Permitting repeated litigation of the same issue as long as the supply of unrelated defendants holds out reflects either the aura of the gaming table or "a lack of discipline and of disinterestedness on the part of the lower courts, hardly a worthy or wise basis for fashioning rules of procedure."

*Parklane*, 439 U.S. at 328 (quoting *Kerotest Mfg. Co. v. C-O-Two Co.*, 342 U.S. 180, 185 (1952)).  Plaintiff cannot continue to file suit against Defendants with the same fundamentally flawed allegations in hopes of achieving a better result.  Count Two is barred by collateral estoppel and will be dismissed.

       B.      *Count Six is Barred by* Res Judicata

Defendants also contend that Count Six of the Complaint is barred by collateral estoppel. In the Superior Court action, Plaintiff challenged the foreclosure sale of his North Capital Street property on the grounds Defendants failed to provide proper notice of the sale.  Defs.' Ex. I (5/12/11 D.C. Sup. Ct. Order), at 2-3.  Superior Court Judge Craig Iscoe granted summary judgment in favor of Defendants, finding the foreclosure sale of the North Capitol Street property "was properly carried out under District of Columbia law."  *Id.* at 4.  The Court agrees that Plaintiff is precluded from raising Count Six, albeit because of *res judicata* rather than

collateral estoppel.

The doctrine of *res judicata*, or claim preclusion, "precludes relitigation of the same claim between the same parties." *Calomiris v. Calomiris*, 3 A.3d 1186, 1190 (D.C. 2010) (internal quotations omitted). "The doctrine operates to bar in the second action not only claims which were actually raised in the first, but also those arising out of the same transaction which could have been raised." *Patton v. Klein*, 746 A.2d 866, 870 (D.C. 1999). In deciding whether *res judicata* applies, the Court must consider "(1) whether the claim was adjudicated finally in the first action; (2) whether the present claim is the same as the claim which was raised or which might have been raised in the prior proceeding; and (3) whether the party against whom the plea is asserted was a party or in privity with a party in the prior case." *Elwell v. Elwell*, 947 A.2d 1136, 1140 (D.C. 2008) (quoting *Patton*, 746 A.2d at 870) (internal quotation marks omitted).

As noted above, in Plaintiff's D.C. Superior Court action, Judge Iscoe granted summary judgment in favor of Defendants on Plaintiff's claim that the foreclosure sale was invalid, and entered a final judgment in favor of Defendants on their counterclaim seeking a declaratory judgment that the foreclosure sale was valid. Defs.' Ex. I at 2-4. Count Six of the current Complaint alleges the foreclosure sale was invalid because (1) Defendants did not provide proper notice of the sale, Compl. ¶¶ 113-14; (2) the sale of the property to Defendant Findland was not an "arms-length transaction," Compl. ¶¶ 115-23; and (3) "[t]he public auction by City First Trustees, Officers and affiliates was contrary to emergency District of Columbia Public Policy," Compl. ¶ 124. Although not identical to the allegations in the Superior Court action, "it is of no import that the plaintiff[] now attack[s] the legality of the foreclosures on grounds other than those asserted before Judge [Iscoe] for res judicata bars not just those issues actually raised,

'but also [those] which might have been presented.'" *Leslie v. Laprade*, 726 A.2d 1228, 1231

(D.C. 1999) (quoting *Carr v. Rose*, 701 A.2d 1065, 1070 (D.C. 1997).  Plaintiff was well aware

of these purported flaws with the foreclosure sale, having included (but for minor wording

changes) identical allegations in the prior federal action.  *Compare* Compl. ¶¶ 110-26 *with* Defs.'

Ex. D at ¶¶ 109-25.  Plaintiff does not even attempt to dispute that he could have raised the

claims before the D.C. Superior Court.  Finally, Defendants seek to assert claim preclusion

against the exact same opposing party as in D.C. Superior Court.  Therefore, Count Six of the

Complaint is barred by *res judicata* and will be dismissed for failure to state a claim.

   *C.*  *Count Eight is Barred by* Res Judicata

  Defendants finally argue that the remainder of Plaintiff's claims could have been brought

by Plaintiff in the D.C. Superior Court, and are thus barred by *res judicata*.  To determine

whether a claim "could have been brought" in the D.C. Superior Court action, the Court must

consider "whether the claim[] in the action before Judge [Iscoe] arose out of the same cause of

action as those in the present case.  It is the factual nucleus, not the theory upon which a plaintiff

relies, which operates to constitute the cause of action for claim preclusion purposes." *Leslie*,

726 A.2d at 1231.  The Court agrees that Count Eight is barred by *res judicata*.  Count Eight

alleges that Defendants will be unjustly enriched because the price paid for the property at

auction was well below the market value of the property.  Compl. ¶¶ 126-128.  Plaintiff could

have and should have raised this claim in connection with his attempt to invalidate the

foreclosure in Superior Court.

  Defendants allege the  remaining claims "aris[e] out of the same nucleus of operative

facts," namely "[Plaintiff's] loan agreements with City First (which date back to 2004)," "the

10

subsequent loan modifications," and the foreclosure sale.  Defs.' Mot. at 10.  "In determining whether the two actions arise out of the same cause of action, this court has 'considered the nature of the two actions and the facts sought to be proved in each one.'"  *Faulkner v. Gov't Emp. Ins. Co. (GEICO)*, 618 A.2d 181, 183 (D.C. 1992) (quoting *Amos v. Shelton*, 497 A.2d 1082, 1085 (D.C. 1985)).  "Res judicata does not bar litigation of an issue merely because it is in some remote way related to an issue litigated in a prior action."  *Id.*

By Defendants' own description, the claims span over four years addressing the 2004 issuance of the loans, the 2007 loan modifications, and the 2008 foreclosure sale.  Plaintiff has alleged the foreclosure sale itself was invalid because of improper notice and because the sale was not at arms' length.  Plaintiff's other claims allege, among other things, that Defendants made various fraudulent representations that induced Plaintiff into signing the original and modified loan agreements.  Count Four also alleges fraud based on the transfer of Plaintiff's second loan and payment of funds (or lack thereof) under a settlement agreement.  It strains credulity to find that the allegations regarding the initial loans and the subsequent loan modifications are part of the same transaction or "cause of action" as the allegations regarding foreclosure sale such that Plaintiff was required to raise each and every claim in the action brought in D.C. Superior Court.  Therefore, the Court finds Counts One, Three, Four, and Five are not barred by *res judicata*.

D.  *The Court Declines to Exercise Supplemental Jurisdiction Over Plaintiff's Remaining Claims*

The Court initially had subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 based on the invocation in Count Two of the Right of Financial Privacy Act, a federal statute.  Pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over Plaintiff's

state law claims.[5]  The Court may decline to exercise supplemental jurisdiction over state law claims if, among other reasons, "the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  Exercising supplemental jurisdiction over state law claims "is a doctrine of discretion, not a plaintiff's right."  *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).  "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

In this case, the balance of factors weigh in favor of dismissing the remaining claims. The Court has dealt with these claims only in the context of the present motion to dismiss.  The parties have yet to engage in any discovery.  Neither the parties nor potential witnesses will be inconvenienced by trying this matter in D.C. Superior Court.  There will be no prejudice to Plaintiff since the statute of limitations period has been tolled while this case is pending, and will remain tolled for thirty days after this order.  28 U.S.C. § 1367(d).  Ultimately, the remaining claims involve purely state law issues, and principles of comity weigh in favor of allowing local District of Columbia courts to decide matters of District of Columbia law.  *Lowe v. District of Columbia*, 669 F. Supp. 2d 18, 31-31 (D.D.C. 2009) ("[I]n the interests of comity, federal judges should refrain from deciding cases founded solely on local law when the requirements for diversity jurisdiction are not present.") (quoting *Mitchell v. Yates*, 402 F. Supp. 2d 222, 235

---

[5]  For purposes of the relevant jurisdictional statute and this Memorandum Opinion, the District of Columbia is considered a "state."  28 U.S.C. § 1367(e).

(D.D.C. 2005)).  Finally, using the judicial resources of the Federal Courts to try local claims is not in the interest of judicial economy.  Therefore, in its discretion, the Court finds that the balance of factors weigh in favor of the Court declining to continue to exercise supplemental jurisdiction over Counts One, Three, Four, and Five.

## IV.  CONCLUSION

For the foregoing reasons, the Court finds Count Two of the Complaint yet again fails to allege a disclosure to a government authority, and fails to state a claim for relief.  Plaintiff could have but failed to raise Counts Six and Eight in his prior Superior Court action challenging the foreclosure sale, but chose not to do so, thus the claims are now barred by *res judicata*.  Counts One, Three, Four, and Five are not sufficiently related to the foreclosure so as to form the same cause of action, so Plaintiff is not barred from bringing these claims under the doctrine of *res judicata*.  However, in its discretion, the Court declines to exercise jurisdiction over the remaining claims, which concern issues of state law.  Therefore Defendants' [6] Motion to Dismiss the Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) for Failure to State a Claim upon which Relief may be Granted is GRANTED IN PART and DENIED IN PART, and the case is DISMISSED.

An appropriate Order accompanies this Memorandum Opinion.


            */s/*
            **COLLEEN KOLLAR-KOTELLY**
            UNITED STATES DISTRICT JUDGE